

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

November 13, 1985

Gary E. Miller, M.D.
Commissioner
Texas Department of Mental Health
and Mental Retardation
P. O. Box 12668
Austin, Texas   78711

Opinion No.   JM-378

Re:   Whether funds paid to a Mental Health and Mental Retardation facility for services rendered pursuant to a contract are appropriated to that facility

Dear Dr. Miller:

You inquire about the proper disposition of funds received by the Texas Department of Mental Health and Mental Retardation [hereinafter MHMR] under a contract with a private entity.  You provide the following background information about the contract:

> State schools for the mentally retarded . . . have an opportunity to assist private, not for profit service providers in the delivery of community-based residential services through the use of state employees to operate or partially operate such services on a contract basis.  The private, not for profit service provider could qualify for ICF-MR certification [intermediate care facility for the mentally retarded; see 42 U.S.C. §1396d(c), (d)] and thereby become eligible to receive reimbursement for such services from the Federal Government through the Texas Department of Human Resources.  The private, not for profit service provider would, in turn, pay the state school all or part of such funds as consideration for the services of the school's employees under the provisions of the contract.

You state that the contract will be made under authority of section 2.13, article 5547-202, which provides as follows:

> Sec.  2.13.   The Department may cooperate, negotiate and contract with local agencies, hospitals, private organizations and foundations, community centers, physicians and persons to plan,

> develop and provide community-based mental health
> and mental retardation services.

You do not ask whether section 2.13 authorizes such a contract, and if it does, whether it could constitutionally do so. See Tex. Const. art. III, §51. You ask the following question:

> Are funds received by a Texas Department of Mental
> Health and Mental Retardation operated facility as
> consideration for services rendered to a private,
> not for profit entity pursuant to contract re-
> appropriated to the facility which provided such
> services? (Emphasis added).

You cite the following rider to the Appropriations Act as being relevant to your question:

> Sec. 27. REIMBURSEMENTS AND PAYMENTS. Any
> reimbursements received by an agency of the state
> for authorized services rendered to any other
> agency of the state government, and any private
> sources and any payments to an agency of the state
> government made in settlement of a claim for
> damages, are hereby appropriated to the agency of
> the State receiving such reimbursements and pay-
> ments for use during the fiscal year in which they
> are received.

> The reimbursements and payments received shall
> be credited by the comptroller to the agency's
> current appropriation items or accounts from which
> the expenditures of like character were originally
> made, or in the case of damage settlements to the
> appropriation items or accounts from which repairs
> or replacements are made; provided, however, that
> any refund of less than fifty dollars ($50) to an
> institution of higher education for postage,
> telephone service, returned books and materials,
> cylinder and container deposits, insurance
> premiums and like items, shall be deposited to the
> current fund account of the institution in the
> State Treasury and such funds are hereby re-
> appropriated.

Acts 1985, 69th Leg., ch. 980, art. V, §27, at 7779.

The payments under the proposed contract are payments from private sources subject to the above Appropriations Act provision. The State Funds Reform Act provides that:

> Fees, fines, penalties, taxes, charges, gifts, grants, donations, and other funds collected or received by a state agency under law shall be deposited in the treasury, credited to a special fund or funds, and subject to appropriation only for the purposes for which they are otherwise authorized to be expended or disbursed. A deposit shall be made at the earliest possible time that the treasury can accept those funds, but not later than the seventh day after the date of receipt.

V.T.C.S. art. 4393-1, §4.004(a) (former V.T.C.S. art. 4393c reenacted as part of Treasury Act, Acts 1985, 69th Leg., ch. 240, at 2078, 2104). The funds are to be deposited to the credit of the General Revenue Fund unless the money is expressly required to be deposited to another fund or account. Id. §4.004(b). The Texas Department of Mental Health and Mental Retardation is a state agency subject to the State Funds Reform Act. See Attorney General Opinion MW-454 (1982). Funds the department receives under the contract are subject to article 4393-1, V.T.C.S., and must be deposited in the treasury within seven days after the date of receipt.

Rider 27, quoted above, appropriates the payments received by MHMR under contract for use during the fiscal year received. The funds are credited to the agency's appropriation items or accounts "from which the expenditures of like character were originally made. . . ." The funds received under the proposed contract will constitute reimbursement for services of employees of state schools for the mentally retarded. The rider appropriates these payments to the items of appropriation or accounts from which the employees were paid.

The current General Appropriations Act includes the following items in the appropriation to the Texas Department of Mental Health and Mental Retardation:

STATE SCHOOLS FOR THE MENTALLY RETARDED

|  | For the Years Ending |
|---|---|
|  | August 31, 1986    August 31, 1987 |
| 1. Administration Program:<br>   a. Superintendent (plus house and utilities)<br>   b. Other Administrative and Staff Development Services | [amounts of appropriation items deleted] |
| 2. Auxiliary Services Program | |

3. Residential Services Program

4. Utilities (non-transferable)

5. Community-Based Residential
   Service Program

6. Non-Residential Treatment,
   Education and Rehabilitation
   Services Program

| | | |
|---|---|---|
| GRAND TOTAL, STATE SCHOOLS | $246,318,003 | $246,318,003 |

. . . .

It is the intent of the Legislature that the above appropriated funds be allocated and expended as nearly as practicable by the facilities enumerated below in the amounts specified for each facility.

| | |
|---|---|
| Abilene State School | [specific amount |
| Austin State School | allocated each |
| Brenham State School | school deleted] |
| Corpus Christi State School | |
| Denton State School | |
| Fort Worth State School | |
| Lubbock State School | |
| Lufkin State School | |
| Mexia State School | |
| Richmond State School | |
| San Angelo State School | |
| San Antonio State School | |
| Travis State School | |

| | | |
|---|---|---|
| TOTAL | $246,318,003 | $246,318,003 |

Acts 1985, 69th Leg., ch. 980, at 7536-37.

The legislature appropriated funds to the state schools as a group for the various programs and purposes numbered 1 through 6, and it also stated the approximate amount of the total appropriation to go to each school. The items numbered 1 through 6 are the items of appropriation which fund the state schools, including salaries of their employees. Article V, section 27 appropriates funds received under the proposed contract to the appropriation item from which derive the salaries of employees performing services under the contract. See Tex. Const. art. VIII, §6. Therefore, funds received

under such contracts are appropriated to the Department of Mental Health and Mental Retardation for the programs of the state schools described in the Appropriations Act. The rider does not appropriate these receipts to the state school whose employees generated them.

## S U M M A R Y

The State Funds Reform Act, article 4393-1, V.T.C.S., applies to funds received by the Texas Department of Mental Health and Mental Retardation from a private source. These funds must be placed in the treasury. Article V, section 27 of the General Appropriations Act appropriates those funds to the department's appropriation items from which the state's expenditures under the contract were made.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood